**IN THE UNTED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **VILLAGE OF WALTON HILLS EX REL.** | ) | Case No. |
| **HGE CONCRETE SUPPLY COMPANY LLC,** | ) | |
| 7595 Walton Road | ) | |
| Walton Hills, Ohio 44146 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **HGE CONCRETE SUPPLY COMPANY LLC,** | ) | Judge: |
| 7160 W. Krick Road | ) | |
| Walton Hills, Ohio 44146 | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **VILLAGE OF WALTON HILLS,** | ) | |
| 7595 Walton Road | ) | |
| Walton Hills, Ohio 44146 | ) | **COMPLAINT** |
| | ) | |
| And | ) | **(JURY DEMAND ENDORSED HEREON)** |
| | ) | |
| **VILLAGE OF WALTON HILLS PLANNING COMMISSION,** | ) | |
| 7595 Walton Road | ) | |
| Walton Hills, Ohio 44146 | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **DONALD KOLOGRAF,** | ) | |
| 7595 Walton Road | ) | |
| Walton Hills, Ohio 44146 | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

1

And                                     )
                                        )
**ROBERT KALMAN,**
7595 Walton Road
Walton Hills, Ohio 44146

     *Defendants.*

     Plaintiffs, by and through undersigned counsel, state their Complaint against the

Defendants Village of Walton Hills, Village of Walton Hills Planning Commission, Donald

Kolograf, and Robert Kalman (collectively, "Defendants") as follows:

## PARTIES

1.  Plaintiff taxpayer HGE Concrete Supply Company LLC ("HGE") is a domestic for-profit

    limited liability company organized under the laws of the State of Ohio with its principal

    place of business in the Village of Walton Hills, Ohio.

2.  Plaintiff is bringing this matter on behalf of itself and the Village of Walton Hills

    pursuant to O.R.C. §§ 733.56, 733.58, and 733.59.  As required by O.R.C. § 733.59,

    Plaintiff is filing security for the costs required by way of the filing fee with the Clerk for

    the Northern District of Ohio.

3.  Defendant Village of Walton Hills ("Walton Hills") is an Ohio village and a political

    subdivision of the State of Ohio located in Cuyahoga County, Ohio.

4.  Defendant Village of Walton Hills Planning Commission ("Planning Commission") is a

    five (5) member panel responsible for planning matters in Walton Hills.

5.  Defendant Donald Kolograf is, upon information and belief, a paid employee of Walton

6. Hills who functions in the capacity of Mayor of Walton Hills and Chairman of the Planning Commission.

7. Defendant Robert Kalman is, upon information and belief, a paid employee of Walton Hills who functions in the capacity of Street Commissioner and Building-Zoning Inspector.

## JURISDICTION AND VENUE

8. The Court has jurisdiction of this matter pursuant to the following constitutional provisions and statutes::

   a. This Court has jurisdiction under the provisions of 28 U.S.C. § 1331, the Fifth and Fourteenth Amendments to the Constitution of the United States, and more specifically, those clauses of those amendments protecting citizens from being deprived of rights without due process of law and without the equal protection of the laws, as more fully appears hereafter.

   b. This Court further has jurisdiction under 42 U.S.C. §1981 -- 1983 et seq., and 28 U.S.C. §§ 1343 (a)(3) and 1367.

9. The amount in controversy, exclusive of interest and costs, is in excess of the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

10. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this venue and in this district and the real property ("Property"), which is the subject matter of this action, is situated in Walton Hills, Cuyahoga County, State of Ohio.

## FACTS

11. HGE is a ready mix concrete supplier, and has its headquarters and principal place of business at the above captioned address (the "Property"), which is the site of the events in this case.

12. HGE entered into a Development Agreement with the Defendant Walton Hills on December 28, 2018 for the purpose of developing the Property into a ready mix concrete plant.  See Exhibit A attached hereto and incorporated herein by reference.

13. Defendant Planning Commission had recommended approval of a Final Development Plan on December 17, 2018.

14. The Development Agreement was meant to be an agreement between the parties setting forth requirements for the Property's construction and development.

15. A necessary component of developing the Property pursuant to the Development Agreement was for HGE to obtain building permits and zoning approvals, and Section 9 of the Development Agreement read:

> Upon application approved by the Village Inspector of Building and payment of all required fees, Developer will be granted permits necessary for the development of HGE Concrete Supply in accordance with this Development Agreement.  All permits, variances and approvals necessary by the Village for development of the Plant in accordance with this Development Agreement shall not be unreasonably withheld, conditioned or denied.

16. At all times, HGE worked to uphold its obligations under the Development Agreement and to develop the Property accordingly, but Defendants breached their lawful duty by failing to grant an occupancy permit until June 2020, 1 ½ years later.

17. On April 21, 2020, Mr. Kalman performed a site inspection of the Property along with

one Joe Gigliotti and created a list of "observations and comments" of issues that still
needed to be addressed by HGE, which he then sent to HGE.

18. On May 4, 2020, Walton Hills law director, Mr. John J. Montello, wrote to HGE's
attorney (Mr. Richard Bain) rejecting HGE's planning application to expand the Property
until outstanding issues were resolved; Mr. Montello attached Robert Kalman's April 21
list of outstanding issues, and claimed that those along with additional issues related to
the EPA and Development Agreement needed to be resolved prior to Defendants issuing
a certificate of occupancy.

19. On June 2, 2020, HGE's counsel made a taxpayer demand upon Defendants (see Exhibit
B attached hereto and incorporated herein by reference), pursuant to O.R.C. § 733.59,
asking Defendants to take the following actions that Defendants had yet to take after
pending for 1 ½ years ("Subject Actions"):

   a.  Issue an immediate occupancy permit for the business operations and activities at
       7160 W. Krick Rd., Walton Hills, Ohio; and

   b.  Approve the application and plans currently on file and proceed per law to issue a
       permit for the building enclosure currently pending before the Village; and

   c.  Convert the existing zoning of the subject property to I-2; and

   d.  Schedule and proceed to approve the plans currently on file with the Village and
       then issue a permit for a fourth silo which is being held up for no legal reason;
       and

     e.  Provide a detailed and itemized invoice of services rendered that justifies the engineering charges presented to HGE in June 2018.

20. At the time of HGE's taxpayer demand letter, the Subject Actions had been pending for a considerable amount of time, some up to two years; as such, HGE has been unable to fully develop and utilize its Property, which has caused it damages.

21. As of the filing of this Complaint, Defendants have yet to perform all of the Subject Actions.

## <u>COUNT ONE: DENIAL OF EQUAL PROTECTION</u>

22. The allegations contained in paragraphs 1 through 20 are hereby incorporated as if fully restated herein.

23. By failing to perform the Subject Actions, the Property has been arbitrarily, wrongfully, unlawfully and/or unreasonably limited in use and development, which has delayed Plaintiff HGE from full use and utilization of the Property.

24. Upon information and belief, in contrast, owners and developers of comparable use properties in Walton Hills have been permitted, and are now enjoying, reasonable development and use of their properties without undue delay.

25. Upon information and belief, Defendants' treatment of Plaintiff has differed from similarly situated taxpayers within the Village of Walton Hills since similarly situated businesses within the Village operate their businesses and utilize their properties.

26. Upon information and belief, Defendants' actions bear no rational relation to a legitimate governmental interest.

6

27. By the arbitrary and wrongful acts herein described, Defendants have unreasonably burdened and restricted the Property by delaying and refusing to perform the Subject Actions and treating Plaintiff in an unequal manner as opposed to comparably used properties in Walton Hills, in violation of the equal protection provision of the Fourteenth Amendment of the Constitution of the United States.

28. By reason of the foregoing, Plaintiff has suffered, and is entitled to receive, damages as detailed below.

## COUNT TWO: INVERSE CONDEMNATION

29. The allegations contained in paragraphs 1 through 27 are hereby incorporated as if fully restated herein.

30. Plaintiff HGE has a legitimate property interest in the Property and the ability to develop the same.

31. Plaintiff also has a legitimate property interest in the classification of its Property because Plaintiff has complied with all existing village zoning regulations.

32. Defendants have failed to carry out the mandatory government actions by failing to perform the Subject Actions.

33. Any attempts to obtain relief through the Defendants' internal administrative structures would be futile and result in substantial and unnecessary additional expenditure of time and money of Plaintiffs and Defendants.

34. The acts and events set forth herein are not exhaustive and are representative of the type of acts on which Plaintiff can rely in its assertion of damages in this case.

35. Defendants' acts and omissions, as above described, form an integrated and continuing course of conduct toward Plaintiff.

36. Through its conduct, Defendants have denied Plaintiff economically viable use of Plaintiff's Property.

37. Defendants' actions have adversely impacted and irreparably harmed Plaintiff substantially and to the point of loss of a substantial amount of its economic benefits.

38. Defendants' actions do not substantially advance any legitimate state interest.

39. Defendants have persisted in their course of effecting a present de facto confiscation of Plaintiff's Property despite continuing objections by Plaintiff as to the arbitrary, capricious, and unconstitutional nature of the course of conduct described in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

40. Plaintiff has received no just compensation for the taking of its property interest.

41. Defendants have never made any offer to Plaintiff to purchase the Property in its entirety or in part or to pay damages for the taking of the Plaintiff's Property, nor have Defendants instituted eminent domain proceedings to acquire all or a portion of the Property.

42. By reason of the foregoing acts in violation of the Constitution and laws of the United States, Plaintiff is entitled to and seeks extraordinary relief in the nature of mandamus and/or prohibition to permit Plaintiff to reasonably use and develop the Property and to

prohibit Defendants from preventing, staying or interfering with such use and development beyond non-discriminatory and non-dilatory enforcement of reasonable zoning code requirements legitimately necessary to ensure health and safety, and to award interim damages for a temporary taking as set forth, or in the alternative, and only if this relief is not granted, to require Defendants to complete formal acquisition of the Property.

### COUNT THREE: DENIAL OF DUE PROCESS: PROCEDURAL AND/OR SUBSTANTIVE DUE PROCESS

43. The allegations contained in paragraphs 1 through 41 are hereby incorporated as if fully restated herein.

44. Plaintiff HGE's property has been arbitrarily, wrongfully and/or unlawfully restricted in its use and development by Defendants in violation of Plaintiff's right to substantive due process of law under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

45. Plaintiff has a legitimate property right in the land because it has made its actions and uses in compliance with the application, plans, and the provisions of the Walton Hills Zoning Code; as such, under § 1258.03(a) of the Zoning Code of the Village of Walton Hills, Defendants must issue the certificate of zoning compliance and allow Plaintiff use of the Property.  Additionally, the actions and application of Plaintiff comply with the factors set forth in § 1258.05(f), and since the application and plans comply with the "review criteria" laid out in § 1258.05(f), Defendants must approve all applications and development plans on file; Defendants' failure to do so violates Plaintiff's substantive due process.

9

46. By reason of the foregoing, Plaintiff has a property right in its application and plans. In addition, Plaintiff has a property right in the use of the Property, and to develop the same. Plaintiff cannot be deprived of these rights arbitrarily, for improper reasons, and without procedural due process.

47. Additionally, Defendants have deprived Plaintiff of its procedural due process by consistently failing to take the Subject Actions in spite of Plaintiff's compliance with Defendants' rules and regulations.

48. The actions of Defendants as above described deprived Plaintiff of its property rights in an arbitrary, unreasonable, and irrational way, in that Defendants ignored the criteria set forth in its Charter and Codified Ordinances, statutes and Constitution of the State of Ohio, and the statutes and Constitution of the United States in violation of Plaintiff's right to substantive due process of law under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

49. Defendants have, through the continuous and integrated course of conduct above described, deprived Plaintiff of the procedural due process of law to which it is entitled under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

50. Defendants have, through the continuous and integrated course of conduct above described, deprived Plaintiff of lawful development and improvement of its property and ignored its own laws and procedures, all of which are matters to which Plaintiff is entitled to be free from under the Fifth and Fourteenth Amendments of the Constitution of the United States of America.

## COUNT FOUR: DEPRIVATION OF CIVIL RIGHTS

51. The allegations contained in Paragraphs 1 through 49 are hereby incorporated as if fully restated herein.

52. Defendants have deprived Plaintiff HGE of its rights to due process of law, just compensation and equal protection of the laws as secured by the Constitution of the United States.

53. Said deprivation of Plaintiff's rights was done under color of State law.

54. Specifically, Defendants failed to provide for the general welfare, efficient use of government resources and encourage the highest and best use of property, and failed to perform statutory duties as trustee to all citizens and landowners in respect of property and development rights.  Plaintiff is therefore entitled to relief pursuant to 42 USC §1983, et seq.

55. As a result of Defendants' conduct, Plaintiff has been damaged in an amount not presently precisely ascertainable but in excess of the minimum jurisdiction limitation of the court. When the amount of damages suffered is capable of more precise calculation, Plaintiff will seek leave of court to amend this Complaint to reflect this precise computation.

## COUNT FIVE: GROSS NEGLIGENCE

56. The allegations contained in paragraphs 1 through 54 are hereby incorporated as if fully restated herein.

57. Defendants have a duty to administer and enforce the Codified Ordinances of the Village

11

of Walton Hills, particularly in this case its zoning ordinances, as well as the Constitution and statutes of the State of Ohio and the Constitution and statutes of the United States.

58. Since 2018, Plaintiff HGE has attempted to obtain the Subject Actions from Defendants. Despite Plaintiff's diligent efforts to comply with necessary requirements, Defendants have nevertheless failed to take the Subject Actions.

59. If Plaintiff does not have its permits, approved applications, correct zoning, and all other Subject Actions, Plaintiff cannot fully utilize the Property and its entire economic potential.

60. Defendants breached their duty by recklessly holding these matters up for an unreasonable amount of time, and knew or should have known the considerable harm that would result from Plaintiff not being able to fully utilize its property.

**COUNT SIX: INJUNCTION AGAINST DEFENDANT WALTON HILLS**

61. The allegations contained in paragraphs 1 through 59 are hereby incorporated as if fully restated herein.

62. The Plaintiff herein is bringing this action in the name of the Village of Walton Hills pursuant to O.R.C. § 733.56.

63. Defendant Walton Hills is a village under the laws of the State of Ohio, and is therefore considered a governmental authority and political subdivision of the State of Ohio.

64. Defendant has refused, and still refuses, in spite of demands from Plaintiff, to cease and desist from enforcement and implementation of the arbitrary, discriminatory and confiscatory actions herein described.

65. These actions constitute an abuse of Defendant's corporate powers and have adversely
    impacted and irreparably harmed Plaintiff substantially and to the point of loss of a
    substantial amount of its current economic benefits; for this and other reasons herein set
    forth, Plaintiff's remedy at law is inadequate.

66. For all the reasons herein set forth, Defendant should be stayed and enjoined from further
    implementing these abuses and arbitrary actions.

67. Plaintiff is therefore entitled to, and seeks, permanent injunction under O.R.C. § 733.56
    issued by this Court enjoining and restraining Defendant, and each of its agents, officers,
    representatives and employees, and all persons or agencies acting on behalf of or in
    concert with any of them, from further interfering with, or enforcing denials of, the
    Subject Actions, which are part of the continuous and integrated course of conduct herein
    described and as may hereafter be discovered or determined to be violative of the laws
    and constitutional provisions above identified, for the reasons set forth, and which have
    contributed to the damage done to Plaintiff.

**COUNT SEVEN: DECLARATORY RELIEF**

68. The allegations contained in Paragraphs 1 through 66 are hereby incorporated as if fully
    restated herein.

69. An actual controversy has arisen and now exists between Plaintiff and Defendants with
    respect to the rights and duties as described above, of sufficient immediacy and gravity to
    warrant a declaratory judgment. Plaintiff is entitled to the Subject Actions described
    above; or in the alternative, to damages as set forth, and to have any denials declared
    invalid and set aside.

13

70. Plaintiff desires an immediate declaration of its rights arising out of all the facts and circumstances set forth pursuant to the Federal Rules of Civil Procedure, Rule 57 and 28 U.S.C. §§2200-2202. Such declaration is necessary and appropriate at this time for the reason that Plaintiff is irreparably injured and will continue to suffer irreparable injury until the time such declaration is made.

## COUNT EIGHT: CONSPIRACY

71. The allegations contained in paragraphs 1 through 69 are hereby incorporated as if fully restated herein.

72. Defendants have formed a malicious combination of two or more individuals who have engaged in a conspiracy to deny Plaintiff HGE the lawful use of its Property.

73. As a direct and proximate result of Defendants' conspiracy, Plaintiff has sustained monetary damages in an amount as yet undetermined to be proven at the trial of this matter.

## COUNT NINE: MANDAMUS AGAINST DEFENDANT WALTON HILLS

74. The allegations contained in paragraphs 1 through 72 are hereby incorporated as if fully restated herein.

75. The Plaintiff herein is bringing this action in the name of the State of Ohio pursuant to O.R.C. § 733.58.

76. Defendant Walton Hills is a village under the laws of the State of Ohio, and is therefore considered a governmental authority and political subdivision of the State of Ohio.

77. Plaintiff has a clear legal right to the requested relief, namely the Subject Actions, and

has no other adequate remedy in the ordinary course of law.

78. Defendant has a clear legal duty to enforce  the Codified Ordinances of the Village of Walton Hills, the statutes and Constitution of the State of Ohio, and the statutes and Constitution of the United States.

79. As a taxpayer of Walton Hills, Plaintiff is entitled to having the Defendant enforce the Codified Ordinances of the Village of Walton Hills, the statutes and Constitution of the State of Ohio, and the statutes and Constitution of the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment against Defendants, jointly and severally, along with any remedies lawfully available, including but not limited to:

I.  Extraordinary relief in the nature of mandamus and/or injunction, to permit Plaintiff to reasonably use and develop the Property and to prohibit Defendants from preventing, staying or interfering with such use and development beyond non-discriminatory and non-dilatory enforcement of reasonable building code requirements legitimately to ensure health and safety;

II.  Damages for:

   a.  Fair market value of the Property in an amount not presently precisely ascertainable. When the amount of such damage is capable of more precise computation, Plaintiff will seek leave of Court to amend this complaint to substitute a more accurate figure.

   b.  Damages for a temporary taking, in an amount not yet precisely ascertainable.

15

    c.   Engineering costs, tax costs, planning costs, permit fees, and other incidental losses, as provided by law and as determined by the Court, through the date of the filing of this complaint.

    d.   Additional costs, tax costs and other incidental losses, as provided by law and determined by the Court, commencing with the date of this Complaint and until such date as Plaintiff is awarded appropriate relief.

    e.   Interest at a market rate;

    f.   Litigation costs;

    g.   Reasonable attorneys' fees;

III.   Declaratory judgment;

IV.   Punitive damages; and

V.   Such further and additional relief as to the Court appears appropriate.

Respectfully submitted,

/s/ *Joseph W. Diemert, Jr.*
JOSEPH W. DIEMERT, JR. (0011573)
  jwdiemert@diemertlaw.com
*Diemert & Associates Co., L.P.A.*
1360 S.O.M. Center Road
Cleveland, Ohio 44124
Phone: 440.442.6800
Fax:   440.442.0825

**Counsel for Plaintiffs**

## **JURY DEMAND**

Plaintiffs demand a trial by jury of all issues in this case.

/s/ *Joseph W. Diemert, Jr.*
JOSEPH W. DIEMERT, JR. (0011573)

**Counsel for Plaintiffs**

## **INSTRUCTIONS FOR SERVICE**

Please serve the Defendants at their above-captioned addresses by certified mail, return receipt requested.

/s/ *Joseph W. Diemert, Jr.*

JOSEPH W. DIEMERT, JR. (0011573)

**Counsel for Plaintiffs**